## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 20-cv-24307-BLOOM/Otazo-Reyes

WINDY LUCIUS,

     Plaintiff,

v.

HILLSTONE RESTAURANT GROUP, INC.,

     Defendant.

_____/

### ORDER STAYING CASE

**THIS CAUSE** is before the Court upon Defendant's Motion for Judgment on the Pleadings or in the Alternative, to Stay Proceedings, ECF No. [15] ("Motion"), filed on December 16, 2020. The Court has carefully considered the Motion, all supporting and opposing submissions, the record in this case and the applicable law, and is otherwise fully advised. For the reasons that follow, the Court will grant Defendant's request to stay this case pending a ruling from the Eleventh Circuit in *Gil v. Winn-Dixie Stores, Inc.*

In this case, Plaintiff, who is visually impaired, alleges that Defendant's website violates the Americans with Disabilities Act ("ADA"). In pertinent part, the Complaint, ECF No. [1], alleges that the Defendant's website is an extension of Defendant's restaurants, which are places of public accommodation, in that the website provides information about special sales, goods, services, accommodations, privileges, benefits and facilities available to patrons at physical locations. The Complaint also alleges that portions of the website are inaccessible with screen reading software. As a result, Plaintiff seeks declarations that Defendant's website violates the ADA and that Defendant has violated the ADA by failing to monitor and maintain its website to

ensure accessibility to the visually impaired, and injunctive relief requiring Defendant to make the website accessible and to update and maintain it to remain fully accessible to the visually impaired.

"The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997); *see also Ortega Trujillo v. Conover & Co. Commc'ns, Inc.*, 221 F.3d 1262, 1264 (11th Cir. 2000). A court may enter a stay to promote judicial economy, reduce confusion or prejudice, and prevent possibility of inconsistent resolutions. *Am. Mfrs. Mut. Ins. Co. v. Edward D. Stone, Jr. & Assocs.*, 743 F.2d 1519, 1525 (11th Cir. 1984). In determining whether a stay is appropriate, courts examine the following four factors: (1) the likelihood of the moving party ultimately prevailing on the merits; (2) the extent the moving party would be irreparably harmed; (3) potential for harm to the opposing party if the stay is issued and (4) whether issuing a stay would be in the public interest. *Guirola-Beeche v. U.S. Dep't of Justice*, 662 F. Supp. 1414, 1417-18 (S.D. Fla. 1987). However, a stay may not be indefinite or immoderate. In fact, stay of a federal court proceeding pending resolution of a related case will be considered immoderate if the stay is indefinite in scope. *Ortega Trujillo*, 221 F.3d at 1264.

In the Motion, Defendant argues that it is entitled to judgment on the pleadings because the website is not a place of public accommodation, and because Plaintiff has not alleged that she was unable to access any physical location as a result of the alleged violations on the website. In the alternative, Defendant requests that the Court stay this case pending a decision by the Eleventh Circuit in *Gil v. Winn-Dixie Stores, Inc.* (Case No. 17-13467). Plaintiff argues that Defendant is not entitled to judgment on the pleadings, as the Complaint does not allege that the website itself is a place of public accommodation, and that the Complaint sufficiently alleges a nexus between the website and Defendant's business. In addition, Plaintiff opposes a stay based on this Court's previous ruling in *Fuller v. Steps Clothing, Inc.*, Case No. 18-cv-62904-BLOOM/Valle, 2018 WL

6818733, at *1 (S.D. Fla. Dec. 28, 2018), in which this Court noted that the Eleventh Circuit has determined that a company website with a nexus to its physical locations is covered by the ADA, relying on *Haynes v. Dunkin Donuts, LLC*, 741 F. App'x 752, 754 (11th Cir. 2018).[1] Notably, however, Plaintiff does not contend that the issues in *Gil v. Winn-Dixie* will not affect the outcome of this case.

Indeed, the issues on appeal in *Gil v. Winn-Dixie* include whether websites are places of public accommodation under the ADA, either independently or through a nexus theory, and the extent of the modifications required to make a website accessible. As such, the Eleventh Circuit's decision in *Gil v. Winn-Dixie* will impact not only Plaintiff's claims in this case, but may very well affect the Eleventh Circuit's previous ruling in *Haynes v. Dunkin Donuts*. In addition, upon review of the docket in *Gil v. Winn-Dixie*, a decision from the Eleventh Circuit is likely forthcoming in the near future, and therefore, a stay in the instant case will not be an indefinite one. As a result, the Court concludes that a stay in this case is warranted in order to promote judicial economy and to prevent the possibility of inconsistent outcomes. Therefore, the Court does not reach the merits of the parties' arguments regarding whether Defendant is entitled to judgment on the pleadings.

Accordingly, it is **ORDERED AND ADJUDGED** that Defendant's Motion, **ECF No. [15]**, is **GRANTED IN PART** as follows:

1. This case shall be **STAYED** pending a ruling by the Eleventh Circuit in *Gil v. Winn-Dixie Stores, Inc.*

2. The parties shall move to reopen this action within seven days (7) of the issuance of the Eleventh Circuit's mandate in *Gil v. Winn-Dixie Stores, Inc.*, Case No. 17-13467.

3. The Clerk shall **CLOSE** this case for administrative purposes only.

---

[1] The Court notes that "[u]npublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36-2.

Case No. 20-cv-24307-BLOOM/Otazo-Reyes

4.  Any pending motions are **DENIED AS MOOT**, any scheduled hearings are

**CANCELED**, and all pending deadlines are **TERMINATED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on January 19, 2021.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record